# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                   )

WARBY PARKER INC.,            )

         Plaintiff,             )

         v.                   )     Court No.: 1:23-cv-00042

UNITED STATES,              )

         Defendant.         )
_____)

### PLAINTIFF'S UNOPPOSED MOTION TO VACATE ORDER OF DISMISSAL, RESTORE ACTION TO CUSTOMS CASE MANAGEMENT CALENDAR, AND EXTEND TIME TO REMAIN THEREON FOR AN ADDITIONAL SIX MONTHS

Pursuant to Rules 6, 7, and 83 of the U.S. Court of International Trade, the Plaintiff, Warby Parker Inc. ("Warby"), respectfully moves the Court for an Order: (1) vacating the Order of Dismissal for lack of prosecution dated September 3, 2025; (2) restoring the action to the Customs Case Management Calendar ("Calendar"); and (3) extending the time for the restored action to remain on the Calendar for an additional six (6) months.

This is Warby's second request for an extension of time for the action to remain on the Calendar. The first six-month extension of time authorized by the Court spanned the period March 1 – August 31, 2025. Undersigned counsel provided voluminous settlement materials to the DOJ in March; DOJ responded the case may be amenable to settlement in July; and undersigned counsel provided the requested draft stipulated judgment for CBP to review in August.

Undersigned counsel respectfully submits good cause supports this motion. Over the past six months the parties have been actively engaged in fruitful efforts toward amicable settlement, and undersigned counsel had been expecting a swift resolution of the matter since

CBP granted dozens of Warby's other materially identical protests which were filed subsequently to those at issue herein.

Furthermore, this is the first 1581(a) case filed by undersigned counsel since substantial revisions were made to the calendaring provisions of Rule 83, and therefore believes the failure to file a request for an extension of time to remain on the Calendar while CBP was in the process of reviewing the requested draft stipulated judgment amounts to excusable neglect under the totality of circumstances. Finally, undersigned counsel, who maintains a busy practice as a solo practitioner, is taking appropriate internal administrative steps to improve the calendaring aspect of his firm's operations to help ensure a situation like this does not recur.

If the Court were to grant the instant motion, the new Calendar expiration date would be February 28, 2026, which the parties expect will provide sufficient time for the matter to be amicably resolved through stipulated judgment.

On September 5, 2025, Guy Eddon, Esq., counsel for the Government, indicated that defendant defers to the Court's discretion regarding this motion and states that the Government will not be prejudiced by the relief requested.

Accordingly, Warby respectfully requests the Court to grant the instant motion to vacate the order of dismissal, restore the action to the Calendar, and extend the time for the action to remain on the Calendar for an additional six (6) months.

<div style="margin-left: 45%">

Respectfully submitted,

**Cone Trade Law, PLLC**

By:    s/ Michael T. Cone
Michael T. Cone, Esq.
enterprise@conetradelaw.com
Tel. (212) 655-5471
Attorneys for Plaintiff
WARBY PARKER INC.

</div>

Dated: September 5, 2025